## 27643. HARWELL v. THE STATE.

GUNTER, Justice. This is an appeal from a conviction for murder and a life sentence.

The appellant's first trial took place on May 16 and 17, 1972. The jury deliberated for forty-eight hours and was unable to reach a verdict. The trial judge declared a mistrial.

A second trial took place on May 29 and 30, 1972, resulting in the conviction and sentence. The appellant filed a motion for a new trial which was overruled by the trial court, and the case is now here for review.

1. At the beginning of the second trial the appellant filed a motion, applicable to the first trial, for a judgment in his favor notwithstanding the mistrial. This motion was based, in part, upon the State's failure to prove venue and upon the failure of the trial court to charge the jury that proof of venue was a material allegation of the indictment. The state did prove venue, and where there is sufficient evidence of venue, if the trial court charges the jury generally on the law of reasonable doubt, it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment. See *Hayden v. State,* 176 Ga. 304 (168 SE 272) (1933). The overruling of the motion was not erroneous on these grounds.

2. Other reasons urged why the overruling of the motion was erroneous are that the mistrial in the first trial was declared without the consent of the defendant, and that the overruling of the motion amounted to the overruling of the appellant's plea of former jeopardy.

The declaration of a mistrial in a criminal case, where the jury after deliberating a reasonable time is unable to agree upon a verdict, does not amount to a verdict of acquittal. See *Lovett v. State,* 80 Ga. 255 (4 SE 912) (1877), and *Nolan v. State,* 55 Ga. 521 (21 AR 281) (1875).

The double jeopardy provision of the Georgia Constitution reads as follows: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial."

The overruling of the motion for these reasons was not erroneous.

3. Two enumerated errors relate to the failure of the court to charge the jury on the crimes of voluntary manslaughter and involuntary manslaughter. We have reviewed the evidence, and we conclude that charges on these two crimes were not required. There is no merit in these two enumerated errors.

4. There was ample evidence to support the verdict of the jury and the judgment entered pursuant thereto. It was not error to overrule the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED APRIL 25, 1973.

*Hoyt L. Bradford,* for appellant.

*John T. Strauss, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Frank M. Palmour, Assistant Attorneys General,* for appellee.