A89A0965. WRIGHT v. THE STATE.
(381 SE2d 601)

McMURRAY, Presiding Judge.

Defendant appeals his conviction for selling marijuana, a violation of the Georgia Controlled Substances Act. *Held*:

1. By his first enumeration of error defendant contends the trial court failed to instruct the jury on the issue of venue. Defendant argues that the trial court failed to give any charge whatsoever as to the issue of venue.

Contrary to defendant's assertion we find that the jury was given adequate instruction on the issue of venue. The trial court charged: "Now, as to the form of your verdict, *if you find this defendant committed this offense in this county* as alleged in this bill of indictment and you make such a finding beyond a reasonable doubt, then the form of your verdict would be, we, the jury, find the defendant

guilty." (Emphasis supplied.) While much less than a model of clarity, as it was imbedded in a charge on the form of the verdict, the emphasized language was sufficient to present the requirement that the State prove venue beyond a reasonable doubt in order to authorize a verdict of guilty.

Even in the absence of the above-noted language, there was no error since the State presented uncontradicted evidence of venue and the trial court instructed the jury that each material element of the indictment must be proved beyond a reasonable doubt. See *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708). Accord *Hance v. Zant*, 696 F2d 940, 957 [43-45]. This enumeration is without merit.

2. In his remaining enumeration of error, defendant raises the sufficiency of the evidence. The sole defense at trial was entrapment. Although defendant does not deny that he participated in the crime as charged, he does contend that the idea and intention of the commission and the crime originated with the State's agents, and that they, through undue persuasion induced him to commit the act which he would not have otherwise committed. "The only evidence presented in support of the defense of entrapment is defendant's testimony that he initially resisted the agent's request and made the sale only after the repeated and persistent requests of the agent. 'Because the phrase "undue persuasion (as used in Georgia's entrapment statute OCGA § 16-3-25) is used in context with "incitement or deceitful means," it must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs.' *Garrett v. State*, 133 Ga. App. 564, 566 (211 SE2d 584) (1974). Accord *Johnson v. State*, 147 Ga. App. 92 (248 SE2d 168) (1978). Therefore, defendant's testimony does not establish the defense of entrapment." *McQueen v. State*, 185 Ga. App. 485 (364 SE2d 617). There was sufficient competent evidence to enable a rational trier of fact to find defendant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Davis v. State*, 189 Ga. App. 412, 413 (1) (376 SE2d 421).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 24, 1989.

*Hugh J. McCullough*, for appellant.
*Dupont K. Cheney*, District Attorney, *David C. Walker, J. Thomas Durden*, Assistant District Attorneys, for appellee.