## S02A0677. LYNN v. THE STATE.
(565 SE2d 800)

FLETCHER, Chief Justice.

A jury convicted Clarence Lynn of felony murder and aggravated assault in the shooting death of Eric Clay.[1] Because we find that the

---

[1] Lynn committed the crimes for which he was convicted on August 24, 1995. He was

State failed to prove venue, we reverse and remand for a new trial.

On August 24, 1995, Lynn and three other men were seen leading the victim into the parking lot of a funeral home located in the 3000 block of Martin Luther King, Jr. Drive. After Lynn and two of the men walked away from the parking lot, the victim began running around a nearby van. The remaining perpetrator tried to shoot the victim, but his gun misfired. Lynn and at least one of the other men returned and several shots were fired. An eyewitness saw the shooter run across Martin Luther King, Jr. Drive seconds after the shots were fired. Another witness testified that Lynn ran across Martin Luther King, Jr. Drive with a gun in his hand seconds after the shots were fired. Lynn subsequently told an acquaintance that he had to leave the state because he had shot the victim.

1. Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from which a rational trier of fact could have found Lynn guilty of the crimes for which he was convicted.[2]

2. The Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crimes allegedly took place.[3] Venue is a jury question that must be proven beyond a reasonable doubt,[4] and for at least the last one hundred years, this Court has reversed criminal convictions when the State failed to prove venue.[5] Here, the State, through the district attorney, concedes that it failed to prove venue. No evidence was offered to establish that the crimes occurred in Fulton County, which was the county in which the trial was held. Placing the murder at 3000 Martin Luther King, Jr. Drive does not establish venue with the required specificity because there was no evidence regarding which county contains that street address.[6] Accordingly, we reverse Lynn's conviction.

3. Venue should rarely be a disputed issue. Although circumstantial evidence can be sufficient, the State typically should be able to prove venue through direct evidence and, thereby, lay to rest any doubts regarding venue. Yet, recently, this Court has seen several

---

indicted on October 30, 1998. A jury convicted him on November 25, 1998, and the trial court sentenced him to life imprisonment that same day. Lynn moved for a new trial on December 16, 1998. The trial court denied the motion for new trial on October 19, 2001. Lynn filed his notice of appeal on November 16, 2001, and the case was submitted for decision on March 11, 2002.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Ga. Const. art. VI, § 2, ¶ 6.

[4] *Jones v. State*, 272 Ga. 900, 901 (537 SE2d 80) (2000); *Jones v. State*, 245 Ga. 592, 596 (266 SE2d 201) (1980).

[5] See, e.g., *Jones*, 272 Ga. at 901; *Cooper v. State*, 106 Ga. 119 (32 SE 23) (1898); *Moye v. State*, 65 Ga. 754 (1880).

[6] See *Jones*, 272 Ga. at 904; cf. *Robinson v. State*, 275 Ga. 143, 144 (561 SE2d 823) (2002) (testimony that a particular street was located in a particular county).

cases in which venue was an issue because the State failed to put on direct evidence of venue, even though nothing about the cases suggested that direct evidence was not available or that the location of the crime was disputed. One way to encourage prosecutors to make sure they have proven venue and to alert the juries to their role in determining venue is to instruct juries that they must find venue beyond a reasonable doubt. Accordingly, this Court strongly urges trial courts to begin giving an appropriate charge on venue tailored to the facts of the case.[7]

4. Contrary to Lynn's assertion that double jeopardy bars any retrial, the State may retry Lynn for the crimes for which he was convicted. When, as here, "a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause."[8]

*Judgment reversed. All the Justices concur, except Benham, Hunstein and Carley, JJ., who concur in Divisions 1, 2, and 4 and in the judgment.*

DECIDED JUNE 24, 2002.

*Herbert Adams, Jr.*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Elizabeth A. Baker*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Tammie J. Philbrick*, Assistant Attorney General, for appellee.

---

[7] See generally 2 Council of Sup. Ct. Judges of Ga., Suggested Pattern Jury Instructions: Criminal Cases, at 152a (2nd ed. 1997).

[8] See *Jones*, 272 Ga. at 905.