## S03A0668. SHAHID v. THE STATE.
### (579 SE2d 724)

THOMPSON, Justice.

Maurice Ihrheam Shahid appeals from a judgment of conviction and sentence for felony murder and possession of a firearm during the commission of a felony, in connection with the shooting death of Jeffrey Wayne Wiggins.[1] On appeal Shahid claims that he is entitled to a new trial because he was denied effective assistance of trial counsel, the jury instruction was deficient, and the prosecutor was not in good standing with the State Bar of Georgia at the time of trial. We affirm.

Viewed in a light most favorable to the verdict, the evidence shows that Shahid and Wiggins got into a verbal altercation at the Cobalt Lounge in Atlanta after Shahid's girlfriend made advances toward Wiggins' companion. A security officer separated the two men, but Shahid told Wiggins he would see him outside. As Wiggins and his friend were approaching their parked vehicle, Shahid drove up to them, jumped out of his car, and fired two fatal shots into Wiggins' head.

1. The evidence was sufficient for a rational trier of fact to have found Shahid guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shahid submits that the trial court erred in failing sua sponte to instruct the jury on venue.

In *Lynn v. State*, 275 Ga. 288, 290 (565 SE2d 800) (2002), we "strongly urge[d] trial courts to begin giving an appropriate charge on venue tailored to the facts of the case." However, we have not as yet held that the failure to so charge mandates a new trial. To the contrary, in *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973), we held that where venue is proven and the trial court charges the jury generally on the law of reasonable doubt, "it is not necessary for

---

[1] The shooting took place on January 17, 2000. An indictment was returned on February 22, 2000, charging Shahid with malice murder, felony murder while in the commission of an aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. Trial commenced on February 20, 2001, and on February 23, 2001, a jury found Shahid guilty as charged. He was sentenced on February 26, 2001 to life imprisonment for malice murder, plus five consecutive years for the weapons offense; the remaining counts were merged for purposes of sentencing. A motion for new trial was filed on March 21, 2001, and amended on September 12, 2001, and July 24, 2002. On August 26, 2002, the trial court vacated the judgment of conviction for malice murder, and reinstated the felony murder conviction; Shahid's motion for new trial was denied on all remaining grounds. Shahid was resentenced on August 28, 2002 to life imprisonment for felony murder, plus five consecutive years. A motion for out-of-time appeal was granted on October 10, 2002, and a notice of appeal was filed on October 28, 2002. The case was docketed in this Court on January 16, 2003, and was submitted for a decision on briefs on March 10, 2003.

the court to charge the jury that proof of venue is a material allegation of the indictment." Accord *Forehand v. State*, 235 Ga. 295 (3) (219 SE2d 378) (1975). See also *Wright v. State*, 191 Ga. App. 392 (1) (381 SE2d 601) (1989) (where venue was established by the evidence and the trial court instructed the jury that each material element of the indictment must be proved beyond a reasonable doubt, it was not error to fail to charge on venue).

In the present case, the State presented direct evidence that the crimes were committed in Fulton County, the county in which the case was tried; the trial court gave a complete charge on reasonable doubt; and it also instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt. The indictment clearly stated that the crimes were committed in Fulton County. Although a separate charge on venue would have been preferable, *Lynn*, supra at 290 (3), we continue to apply binding precedent and decline to reverse Shahid's conviction on that basis.

3. During the pendency of his motion for new trial, Shahid learned that Clinton K. Rucker, the assistant district attorney who prosecuted his case, was not in good standing with the State Bar of Georgia at the time of trial due to his failure to pay 2000-2001 Bar dues. In *Cornwell v. Dodd*, 270 Ga. 411 (1) (509 SE2d 919) (1999), this Court refused to find that a defendant was denied effective assistance of trial counsel due to the fact that counsel was not in good standing with the State Bar at the time of trial based on his failure to pay dues and obtain required CLE credits. Similarly, the prosecutor in this case did not become incompetent to perform his prosecutorial duties when he failed to pay his dues. While we are in complete agreement with the defendant that those who are privileged to enforce the law of this state must adhere to the rules of the system with which they are entrusted, we decline to find that the dereliction of the administrative requirements of the State Bar per se rendered the prosecutor incompetent to perform his duties. Most importantly, Shahid has not shown that the prosecutor's omission in any way prejudiced his trial. Accordingly, we find no error.

4. It is asserted that trial counsel rendered ineffective assistance by failing to seek a mistrial when, in opening statement, the prosecutor referred to Shahid's propensity to carry a gun, in violation of a prior ruling by the trial court.

Assuming without deciding that counsel's performance in this regard was constitutionally deficient, absent prejudice such deficiency simply does not amount to ineffective assistance of counsel. *Duncan v. State*, 271 Ga. 704 (3) (524 SE2d 209) (1999). Although Shahid asserts that the comment undermined his justification defense, we find it highly unlikely that the prosecutor's single reference to Shahid's habit of carrying a gun would have made a differ-

ence in the outcome of the trial considering the overwhelming evidence that implicated him as the aggressor and the shooter.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Jill M. Zubler*, Assistant Attorney General, for appellee.