A03A1338. WATSON v. THE STATE.
(587 SE2d 243)

RUFFIN, Presiding Judge.

A jury found Tiree Watson guilty of armed robbery, two counts of aggravated assault, and possession of a firearm during the commission of a felony. On appeal, Watson contends that the trial court erred in failing to suppress evidence obtained during an allegedly improper search of his house and car. Watson also contends that the trial court erred in failing to sua sponte instruct the jury on venue. As Watson's contentions lack merit, we affirm.

---

1. Viewed in a light most favorable to support the jury's verdict,[1] the record reveals that, on July 17, 1999, Watson's car was seen leaving the scene of an armed robbery. The victim, a store clerk, testified that two men wearing masks robbed him at gunpoint and that one of the robbers struck him on the back of his head with a handgun. When asked to identify the guns used, the clerk testified that one was a "tech nine" and the other was "a chrome 380."

Detective Jeff Glazier called Watson, told him that his car had been seen leaving the scene of the crime, and asked him to come to the police station to give a statement. Rather than waiting for Watson to come to the station, however, Glazier drove to Watson's apartment. Upon reaching the apartment, Glazier knocked on the door, and Watson answered. Glazier introduced both himself and his partner and asked if they could come inside the apartment. Watson said "yes," and Glazier and his partner entered the living room. Before letting Watson sit down on the sofa, Glazier lifted the cushions to ensure that there were no weapons within Watson's reach. According to Glazier, Watson signed a form, waiving his *Miranda* rights. The form specified that Watson was "suspected of the offense of armed robbery."

Watson then wrote out a statement denying involvement in the armed robbery, and he gave Glazier permission to search both his apartment and his car. While searching the apartment, Glazier discovered a ski mask, a handkerchief, leather gloves, and a black hooded sweatshirt, which the victim identified as looking like the items worn by the one of his assailants. Glazier told Watson that he was taking the clothing with him, and he asked Watson if there were any weapons in the car. At that point, Watson said that he had a "380 caliber weapon" in the car. Glazier had the car impounded and obtained a search warrant for the car the next day. Upon searching the car, Glazier discovered the handgun.

Watson moved to suppress the clothing and the handgun, asserting that this evidence was the product of an illegal search. The trial court denied the motion, which frames the primary issue on appeal.

In reviewing a trial court's order on a motion to suppress evidence, we consider three principles: (1) the trial court sits as the finder of facts, and we will affirm that court's findings on conflicting evidence if any evidence supports them; (2) we accept the trial court's decisions on factual findings and credibility disputes unless clearly erroneous; and (3) we construe the evidence most favorably to upholding the trial court's findings and judgment.[2]

---

[1] See *Fritzius v. State*, 225 Ga. App. 642, 645 (484 SE2d 743) (1997).

[2] See *Small v. State*, 243 Ga. App. 678 (1) (534 SE2d 139) (2000).

Watson argues that the evidence should have been suppressed because his consent to search was not "knowingly or voluntarily" given. However, the trial court found that, "based on the totality of the circumstances, . . . [Watson] gave free and voluntary consent for the police to search both his apartment and vehicle as shown by the handwritten waiver penned by and signed by [Watson]." As Watson did sign such statement, and Glazier testified that neither he nor his partner took any action to coerce him into doing so,[3] the evidence supports the trial court's findings.[4] It follows that the trial court did not err in denying Watson's motion to suppress.[5]

2. Watson also alleges that the trial court erred in failing to charge the jury on venue. The State presented evidence that the crime took place in Fulton County, the county in which Watson was tried. However, neither Watson nor the State requested a jury instruction on venue in this county. On appeal, Watson contends that the trial court's failure to sua sponte instruct the jury on this principle constitutes reversible error. We disagree.

Although the trial court did not instruct the jury on venue, it "gave a complete charge on reasonable doubt; and it also instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt."[6] Moreover, the indictment specifies that the crimes were committed in Fulton County. Under these circumstances, the trial court's failure to instruct the jury on venue provides no basis for reversal given the absence of a request to so charge.[7]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 5, 2003 — 

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[3] We note that, although the trial court conducted a hearing on Watson's motion to suppress, no transcript of the hearing has been filed with this Court, and the clerk of the trial court claims that no such transcript is filed there. "Therefore, we consider the trial evidence only." *Welborn v. State*, 232 Ga. App. 837, 839, n. 2 (503 SE2d 85) (1998).

[4] See *Gary v. State*, 244 Ga. App. 535, 537 (2) (536 SE2d 192) (2000).

[5] See id.

[6] *Shahid v. State*, 276 Ga. 543, 544 (2) (579 SE2d 724) (2003).

[7] See id.