## A04A1388. MULLADY v. THE STATE.
### (606 SE2d 645)

MIKELL, Judge.

Stephen Douglas Mullady was charged with driving under the influence of alcohol ("DUI") to the extent that he was a less safe driver and two counts of speeding. The jury acquitted him of the two speeding counts and convicted him of DUI. He was sentenced to 24 hours in jail and 12 months probation. After the trial court denied his motion for a new trial, Mullady filed the present appeal. The state did not file a brief in this case. We affirm the conviction.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). "We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).

So viewed, the record shows that at approximately 1:35 a.m. on April 12, 2003, Officer M. D. Rowe of the DeKalb County Department of Public Safety DUI Task Force was in his vehicle at the intersection of Buford Highway and West Druid Hills Road in DeKalb County when he observed Mullady's vehicle traveling southbound on Buford Highway at a high rate of speed. Officer Rowe visually estimated Mullady's speed to be between 75 and 80 miles per hour in a 45 miles per hour zone. The officer testified that the speeding vehicle was no more than 30 feet away when it passed him, that there was very little traffic, and that the street was well lit. He identified Mullady as the driver of the car he observed speeding and described the vehicle as a silver Pontiac.

Officer Rowe immediately began pursuing the speeding car. He testified that he lost sight of it for "no more than five seconds," before pulling behind the vehicle, which was stopped at the intersection of Buford Highway and Cheshire Bridge Road. Officer Rowe activated his blue lights, and Mullady turned left onto Cheshire Bridge Road and then pulled over. Officer Rowe testified that he believed the location of the traffic stop was in Fulton County.

Officer Rowe testified that when he approached the vehicle, he detected a strong odor of alcohol, that Mullady told the officer he had consumed two beers, and that Mullady "fumbl[ed]" through his wallet for a full minute while searching for his license and proof of insurance. Officer Rowe further testified that Mullady's eyes appeared "bloodshot and glazed," that his speech was "mumbled," and that he was unsteady on his feet. Mullady told Officer Rowe that he was on his way to a bar.

Officer Rowe testified that he administered the horizontal gaze nystagmus ("HGN") field sobriety test and that Mullady exhibited four of the six clues indicating impairment. Next, Officer Rowe conducted the "walk and turn" evaluation. Mullady's performance on that test indicated impairment as well. Officer Rowe attempted to administer the "one leg stand" evaluation; however, Mullady refused to participate. Officer Rowe asked Mullady to recite the alphabet from "D" through "X," but he was unable to do so. Mullady did not blow hard enough into the portable alcosensor to provide an adequate breath sample. Officer Rowe testified that, based on his experience, training, and observations that night, he concluded that Mullady was impaired to the extent that he was a less safe driver and placed him under arrest. Officer Rowe then read the Georgia Implied Consent Notice to Mullady, who refused to submit to a breath test. The officer gave Mullady another opportunity to consent to a breath test at the DeKalb County jail, but again Mullady refused to provide a breath sample. Officer Rowe's vehicle was equipped with a video camera, and a tape of the incident was played for the jury at trial.

On appeal, Mullady challenges the sufficiency of the evidence and argues that the court erred in permitting evidence that his performance on the HGN and "walk and turn" field sobriety tests indicated impairment. He further contends that the state failed to prove venue in DeKalb County for the DUI charge and that it failed to adequately instruct the jury on venue.

1. First, we reject Mullady's argument that the court erred in allowing Officer Rowe to testify that the results of Mullady's field sobriety tests indicated impairment. Mullady argues that the results of the HGN and "walk and turn" tests were inadmissible due to a lack of scientific certainty that the tests are accurate means of ascertaining impairment.

In *Hawkins v. State*, 223 Ga. App. 34 (476 SE2d 803) (1996), we held that "the HGN test is an accepted, common procedure that has reached a state of verifiable certainty in the scientific community and is admissible as a basis upon which an officer can determine that a driver was impaired by alcohol." Id. at 38 (1). In that case, we also recognized that the "walk and turn test" is a "physical dexterity exercise[ ] that common sense, common experience, and the 'laws of nature' show [is] performed less well after drinking alcohol," and that evidence of the physical manifestations of impairment determined by the "walk and turn" test would not be held to the standard of admissibility enunciated in *Harper v. State*, 249 Ga. 519, 524 (292 SE2d 389) (1982). *Hawkins*, supra at 36 (1). Accordingly, the court did not err in allowing Officer Rowe's testimony.[1]

Mullady's argument that the court's jury charge on the HGN test was given in error is likewise without merit. In fact, the objected-to charge contains the exact language quoted above from the *Hawkins* decision and, therefore, is an accurate statement of the law.

2. In two errors, Mullady argues that the trial court erred in denying his motion for a new trial because the evidence adduced at trial was circumstantial and insufficient to support his conviction and because the verdict was contrary to the evidence. We disagree.

OCGA § 40-6-391 (a) (1) prohibits a person from driving a motor vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. "To establish a violation of [this Code section], no requirement exists that the person actually commit an unsafe act. . . . Moreover, no particular combination of factors or clues

---

[1] Mullady contends that the officer testified that the results of the tests indicated a blood alcohol level of 0.10 and that the tests are 77 percent accurate; however, that testimony was given outside the presence of the jury. In fact, the court instructed Officer Rowe to confine his testimony to the issue of whether Mullady was impaired such that he was an unsafe driver and prevented him from testifying as to numerical statistics.

derived from a person's appearance or demeanor is required." (Citation and punctuation omitted.) *Duren v. State*, 252 Ga. App. 257, 259-260 (555 SE2d 913) (2001).

In its order denying Mullady's motion for a new trial, the trial court stated: "This Court cannot say that Defendant's conviction was solely based upon circumstantial evidence." Neither can we. The evidence summarized above demonstrated that Officer Rowe observed Mullady traveling at a speed of between 75 and 80 miles per hour and that he pursued Mullady from DeKalb County into Fulton County, where the officer initiated a traffic stop. The fact that the jury acquitted Mullady on the speeding charges cannot form a basis for challenging the factual findings underlying the jury's verdict on the DUI count.

> Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.

(Footnotes omitted.) *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003).[2]

Further, the trial court properly found that the jury's verdict was amply supported by the following circumstantial evidence: Mullady's red, glassy eyes, his unsteady stance, the presence of the odor of alcohol, his mumbled speech, his admission of consuming two beers, as well as his statement that he was driving to a bar. Further, the results of the field sobriety tests and Mullady's repeated refusals to submit to chemical breath testing also support the jury's verdict. See *Duren*, supra.

Finally, contrary to Mullady's argument, any inconsistencies in Officer Rowe's testimony as to the description of the vehicle and the length of time the officer lost sight of it were matters for the jury to resolve as they speak to the credibility of the witness and to the

---

[2] In support of his contention that the verdict was contrary to the evidence, Mullady correctly argues that without evidence that he was speeding, there was no articulable suspicion to justify a traffic stop. However, as recognized here, the acquittals do not negate the evidence that he was speeding, and his argument is without merit.

weight of the evidence, not to its admissibility. See generally *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003).

3. We reject Mullady's argument that the court erred in denying his motion for a new trial because there was insufficient evidence of venue in DeKalb County. Mullady correctly states that our Constitution requires that a person accused of a crime be tried in the county where the crime was alleged to have been committed. Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a). In this case, the evidence shows that Officer Rowe observed Mullady speeding in DeKalb County and that he pursued Mullady into Fulton County, where the traffic stop and subsequent arrest were made.

> The evidence of [Mullady's] intoxication, although gathered on Fulton County soil, was sufficient to support the inference that [Mullady] had been intoxicated moments earlier while he was observed driving in DeKalb County. The State carried its burden of proving DeKalb County venue beyond a reasonable doubt.

(Citations omitted.) *Page v. State*, 250 Ga. App. 795, 796 (553 SE2d 176) (2001). As we recognized above, Georgia does not have an inconsistent verdict rule, and, contrary to Mullady's argument, his acquittal on the speeding counts does not negate the evidence that he was speeding in DeKalb County. See *Hines*, supra.

4. Finally, Mullady argues that the trial court erred in failing to instruct the jury that the venue of the DUI charge must be proven beyond a reasonable doubt. He admits, however, that he did not request such a charge.

In *Shahid v. State*, 276 Ga. 543 (579 SE2d 724) (2003), our Supreme Court held that a trial court did not err by failing sua sponte to instruct the jury on venue. Id. at 544 (2). The Court reasoned as follows:

> In *Lynn v. State*, 275 Ga. 288, 290 (565 SE2d 800) (2002), we "strongly urged trial courts to begin giving an appropriate charge on venue tailored to the facts of the case." However, we have not as yet held that the failure to so charge mandates a new trial. To the contrary, in *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973), we held that where venue is proven and the trial court charges the jury generally on the law of reasonable doubt, "it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment."

(Citation omitted.) Id. at 543-544 (2).

In the present case, the trial court instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt. The indictment clearly stated that the crimes were committed in DeKalb County. Accordingly, the court properly instructed the jury, and we find no error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 15, 2004.

*George C. Creal, Jr.,* for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Sabrina Nizamuddin, Assistant Solicitor-General,* for appellee.