A06A1768. HARRISON v. THE STATE.
(637 SE2d 783)

ADAMS, Judge.

Defendant Paul Harrison was found guilty of violating and conspiracy to violate the Racketeer Influenced and Corrupt Organi-

zations Act (RICO).[1] He appeals following the denial of his motion and amended motion for new trial.

In his sole enumeration of error on appeal, Harrison contends that the trial court erred in charging the jury on venue. First Harrison contends the trial court committed error when it instructed the jury that "venue in this county is — in this case is found in Bibb County, Georgia, because interest and control of the United States currency at issue was acquired in Bibb County, and at least one overt act occurred in Bibb County." However, the trial court made it plain to the jury that he was reading to them from portions of the indictment,[2] and that the jury would have the complete indictment with them in the jury room. Moreover, as the State points out, after reading the indictment, the court instructed the jury as follows:

> the indictment is not evidence in the case and can't be considered by you as evidence in the case. It is the indictment, along with the defendants' pleas of not guilty that form the issue which you're called upon as jurors to resolve. Neither are any pleas of not guilty to be considered as evidence in the case. Furthermore, the indictment can't be used as a basis for any inference of guilty whatsoever, either. And as I said, it's just the vehicle which gets this case before you and before the courts for resolution. It serves no other purpose.

Under these circumstances, and especially given these clarifying instructions, we do not agree with Harrison that the trial court's reading the indictment to the jury was tantamount to instructing the jury that the issue of venue was already a settled fact, beyond resolution by the jury.

But Harrison also argues that the trial court erred by failing to specifically charge the jury that venue must be proven beyond a reasonable doubt. However, this issue has previously been decided adversely to Harrison, where as here, no such charge was requested by the defendant.

In *Shahid v. State*, 276 Ga. 543 (579 SE2d 724) (2003), our Supreme Court held that a trial court did not err by failing sua sponte to instruct the jury on venue. Id. at 544 (2). The Court [in *Shahid*] reasoned as follows: In *Lynn v. State*,

---

[1] The two counts were merged for sentencing.
[2] The parties agreed that the trial court would read only portions of the approximately 60-page indictment to the jury.

275 Ga. 288, 290 (565 SE2d 800) (2002), we "strongly urged trial courts to begin giving an appropriate charge on venue tailored to the facts of the case." However, we have not as yet held that the failure to so charge mandates a new trial. To the contrary, in *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973), we held that where venue is proven and the trial court charges the jury generally on the law of reasonable doubt, "it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment." (Citation omitted.) [*Shahid*, supra] at 543-544 (2). In the present case, the trial court instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt. The indictment clearly stated that the crimes were committed in [Bibb] County. Accordingly, the court properly instructed the jury, and we find no error.

*Mullady v. State*, 270 Ga. App. 444, 448-449 (4) (606 SE2d 645) (2004). *Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2006 — 

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.