## A10A0075. SCOTT v. THE STATE.

(690 SE2d 242)

BLACKBURN, Presiding Judge.

Following a jury trial, Antonio Scott appeals his conviction on six counts of aggravated assault[1] and one count of aggravated battery,[2] challenging the sufficiency of the evidence and arguing that the trial court erred in failing to merge the aggravated assault counts and that the prosecutor acted arbitrarily in withdrawing a plea offer. Discerning no error, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that late on the evening of August 31, 1997, gunfire erupted from a dark blue car with chrome wheel rims that was approaching an intersection in Commerce. In the car were four males clad in black t-shirts turned inside out, including Scott. Upwards of forty shots were fired toward six people standing at the intersection, causing the group to scatter. The shots struck a stop sign and went into a nearby house, terrifying a grandmother who lay on top of her granddaughter to protect her. When one of the six people at the intersection fell as he tried to escape, the car backed up next to him, and a person on the passenger's side pointed a rifle at him. Despite the victim's pleas for mercy, the shooter began firing, striking the victim in the back and collapsing his lung. The vehicle then drove away.

Both the City of Commerce Police and the Jackson County Sheriff's Department were alerted, and within minutes officers stopped a dark blue car with chrome wheel rims fleeing the area. In the vehicle, they found Scott (who had several shells in his pockets) in a passenger-side seat and the other three males, plus an SKS assault rifle and various other guns and ammunition in plain view. Lab tests showed that these guns had fired the shots at the crime scene.

Indicted on six counts of aggravated assault and on one count of aggravated battery, the four men were tried together. At trial, two of

---

[1] OCGA § 16-5-21 (a) (3).

[2] OCGA § 16-5-24 (a).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the co-defendants testified that Scott, who carried the assault rifle and a book bag when he first entered the car, fired the rifle out the passenger window toward the crowd and toward the victim who was struck. The jury found the four men guilty on all counts. Two of the co-defendants appealed unsuccessfully in *Ford v. State*[5] and *Eberhart v. State*.[6]

(a) *Venue was proven.* Scott first challenges the evidence as failing to show venue in Jackson County, where he was tried. "Generally, a criminal action must be tried in the county in which the crime was committed, and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence." (Citations omitted.) *Chapman v. State*.[7]

Here, the grandmother occupying the home that was struck testified that the street on which the shooting occurred was in Jackson County. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In addition, a Jackson County paramedic responded to the scene of the crime to treat the victim struck by the bullet. A Jackson County officer responded to the "be on the lookout" put out on the vehicle and soon saw the vehicle at a nearby Jackson County location. The four men were incarcerated in the Jackson County jail.

> In light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise, the jury was authorized to find the police officer [and the paramedic] acted within the territorial jurisdiction in which [they] testified [they were] employed. . . .

(Citations omitted.) *Chapman*, supra, 275 Ga. at 317-318 (4). Cf. *In the Interest of B. R.*[8] (however, "the investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue . . .") (punctuation omitted). The totality of the evidence sufficed to show venue in Jackson County. See *Payne v. State*.[9]

(b) *No jury charge on venue as a material element was required.* As part of his argument on the sufficiency of the evidence regarding venue, Scott argues that the court erred in failing to specifically charge the jury that venue was a material element of the crime that had to be shown beyond a reasonable doubt. Of course, "an appealing

---

[5] *Ford v. State*, 280 Ga. App. 580 (634 SE2d 522) (2006).

[6] *Eberhart v. State*, 248 Ga. App. XXVI (2001) (not officially reported).

[7] *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

[8] *In the Interest of B. R.*, 289 Ga. App. 6, 9 (2) (656 SE2d 172) (2007).

[9] *Payne v. State*, 290 Ga. App. 589, 590-591 (2) (660 SE2d 405) (2008).

party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors." *Felix v. State*.[10] And we are "precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors." Id. at 539. Having failed to enumerate the lack of this jury charge in an enumeration of error, Scott's complaint is not properly before this Court.

Nevertheless, even if we were to consider Scott's argument, it would fail.

> The trial judge did not charge the jury on venue, but the [indictment] alleged that the crimes were committed in [Jackson] County, the county in which the case was tried. Furthermore, the trial court gave a complete charge on reasonable doubt and also instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt. Although a separate charge on venue would have been preferable, we continue to apply binding precedent (*Harwell v. State*;[11] *Forehand v. State*;[12] *Wright v. State*[13]) and decline to reverse [Scott's] convictions on that basis.

(Punctuation omitted.) *Williams v. State*.[14] See *Shahid v. State*[15] ("where venue is proven and the trial court charges the jury generally on the law of reasonable doubt, it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment") (punctuation omitted).

(c) *The two accomplices corroborated each other*. Scott's final argument as to the sufficiency of the evidence is that the testimony of the accomplices identifying him as the shooter was not corroborated as required by OCGA § 24-4-8. Setting aside the physical evidence corroborating their testimony generally (and the lack of a requirement to show Scott was the actual shooter — see OCGA § 16-2-20), we note that Scott

> ignores the fact that both accomplices testified as to [Scott's] involvement in the crimes. "While, under OCGA § 24-4-8, the testimony of a single accomplice in a

---

[10] *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999).

[11] *Harwell v. State*, 230 Ga. 480, 480 (1) (197 SE2d 708) (1973).

[12] *Forehand v. State*, 235 Ga. 295, 295-296 (3) (219 SE2d 378) (1975).

[13] *Wright v. State*, 191 Ga. App. 392, 393 (1) (381 SE2d 601) (1989).

[14] *Williams v. State*, 287 Ga. App. 851, 856 (4) (652 SE2d 803) (2007).

[15] *Shahid v. State*, 276 Ga. 543, 543-544 (2) (579 SE2d 724) (2003).

felony prosecution is not sufficient to establish a fact, the testimony of one accomplice may be used to corroborate that of another." (Punctuation omitted.) *Navarrete v. State*.[16] Therefore, because of the corroborating testimony from [Scott's] two accomplices, the accomplice testimony was admissible to support [Scott's] conviction.

*Carr v. State*.[17] See *Burton v. State*[18] ("[i]t is well settled that the testimony of one accomplice may be used to corroborate that of another") (punctuation omitted).

2. Scott contends that the trial court erred in refusing to merge the six aggravated assault counts into one count of aggravated assault. He maintains that the shooting incident was a single transaction that should have resulted in only one count of aggravated assault. He points to the language of OCGA § 16-5-21 (a) (3), which defines aggravated assault as assaulting "[a] person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons."

*Pace v. State*[19] held that the act of firing a weapon into a group "made each individual in the group a separate victim" and justified a separate count of aggravated assault for each victim. See *Robertson v. State*[20] ("[w]hen a defendant intentionally shoots several times into a group of people intending to harm only one of them, a jury would be authorized to find him guilty of aggravated assault against each person in the group"). Similarly, *Sanchez v. State*[21] held that defendant's firing shots into a home containing seven people justified the court's not merging the seven counts of aggravated assault on which the jury found the defendant guilty. The court did not err here in refusing to merge the six aggravated assault counts into one count nor in charging the jury that it could find Scott guilty on the six separate counts.

In his appellate brief, Scott also challenges the wording of OCGA § 16-5-21 (a) (3) as unconstitutionally vague. Because he failed to raise this issue in the trial court, he has waived this argument on appeal. *Allsup v. State*.[22]

3. Scott's final enumeration is that the State abused its discretion in the plea bargaining process by withdrawing a plea offer before

[16] *Navarrete v. State*, 283 Ga. 156, 160 (2) (656 SE2d 814) (2008).
[17] *Carr v. State*, 289 Ga. App. 875, 877 (2) (658 SE2d 419) (2008).
[18] *Burton v. State*, 293 Ga. App. 822, 825 (1) (668 SE2d 306) (2008).
[19] *Pace v. State*, 239 Ga. App. 506, 509 (6) (521 SE2d 444) (1999).
[20] *Robertson v. State*, 245 Ga. App. 649, 650 (1) (538 SE2d 755) (2000).
[21] *Sanchez v. State*, 259 Ga. App. 400, 401 (577 SE2d 80) (2003).
[22] *Allsup v. State*, 250 Ga. App. 53, 54 (1) (550 SE2d 425) (2001).

Scott's new counsel had had sufficient time to consider it. This enumeration fails on at least three fronts.

First, Scott's description of the plea bargaining process is completely devoid of any citations to the record, and our own review of that record reveals that the plea bargaining process was not discussed at any point in any transcript. "[A]n appellant bears the burden of showing error affirmatively by the record, and if the transcript does not fully disclose what transpired at trial, it is the duty of the complaining party to complete the record pursuant to OCGA § 5-6-41 (f)." (Punctuation omitted.) *Green v. State*.[23] See *Mitchell v. State*[24] ("[w]e will not presume error from a silent record") (punctuation omitted).

Second, Scott makes no reference to any attempt to address the alleged abuse below. "[W]e generally will not grant more appellate relief than that actually prayed for at trial." (Punctuation omitted.) *Smith v. State*.[25]

Third, until accepted, the State may withdraw a plea offer at any time (unless for consideration the State has agreed otherwise). See *Sparks v. State*.[26]

For these reasons, this enumeration must fail.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JANUARY 25, 2010.

*Elrod & Elrod, Christopher D. Elrod*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[23] *Green v. State*, 298 Ga. App. 301, 301-302 (1), n. 5 (680 SE2d 156) (2009).
[24] *Mitchell v. State*, 255 Ga. App. 585, 591 (6) (565 SE2d 889) (2002).
[25] *Smith v. State*, 210 Ga. App. 451, 451 (2) (436 SE2d 562) (1993).
[26] *Sparks v. State*, 232 Ga. App. 179, 183 (3) (c) (501 SE2d 562) (1998).