## A11A2207. BENTLEY v. THE STATE.
### (724 SE2d 890)

MILLER, Judge.

Following a jury trial, Jerry Wayne Bentley was convicted of child molestation (OCGA § 16-6-4 (a) (1)). Bentley filed a motion for new trial, which the trial court denied. Bentley appeals, contending that the State failed to prove venue, and that his trial counsel was ineffective for introducing evidence that Bentley had recently been released from prison. We discern no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.

(Citations and punctuation omitted.) *Damerow v. State*, 310 Ga. App. 530, 531 (714 SE2d 82) (2011).

So viewed, the evidence shows that in May 2006, Bentley and his thirteen-year-old daughter, J. B., were driving in his car when Bentley rubbed the inside of J. B.'s leg and touched her genital area over her clothing. J. B. told her mother about the incident, and her mother reported the incident to the police. After interviewing J. B.,

---

police officers from the Paulding County Sheriff's office arrested and charged Bentley with child molestation.

At trial, the State presented evidence of a similar incident that occurred in 1994, in which Bentley committed the offense of statutory rape. After the presentation of evidence, the jury returned a verdict finding Bentley guilty of the child molestation offense.

1. Bentley contends that the State failed to prove venue in Paulding County. We disagree.

"Generally, a criminal action must be tried in the county in which the crime was committed, and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence." (Citation, punctuation and footnote omitted.) *Scott v. State*, 302 Ga. App. 111, 112 (1) (a) (690 SE2d 242) (2010).

Here, J. B. testified that the molestation incident occurred near a church close to Yorkville. A police officer from the Paulding County Sheriff's Office, who was investigating the crime, testified that he and the victim located the church in question about a week prior to trial, and that the church was within Paulding County.

Where the victim testifies where the crime took place, and an officer identifies that location as being within a certain county, the officer's testimony is not hearsay. In addition to this direct testimony of venue, the testimony that the officer investigating the crime was a [Paulding County] officer provided further evidence that the crime took place in [Paulding County] since public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise.

(Citations, punctuation and footnotes omitted.) *Bravo v. State*, 269 Ga. App. 242, 245 (2) (603 SE2d 669) (2004); see also *Scott*, supra, 302 Ga. App. at 112 (1) (a) (holding that while the officer's county of employment did not, by itself, establish venue, the totality of the evidence was sufficient to prove venue). Consequently, the State provided ample evidence to establish venue in this case.

2. Bentley next contends that his trial counsel was ineffective for introducing evidence that Bentley had been released from prison for a separate offense less than a year prior to the child molestation incident in this case. We disagree.

To prevail on a claim of ineffective assistance of counsel, Bentley must demonstrate both that trial counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Thomas v. State*, 291 Ga. App. 795, 804 (6) (662

SE2d 849) (2008). "Failure to satisfy either prong of the two-part *Strickland* test is fatal to an ineffective assistance claim." (Footnote omitted.) *Nelson v. State*, 302 Ga. App. 583, 586 (2) (691 SE2d 363) (2010).

Here, Bentley failed to establish that his trial counsel was deficient.

> [S]trategic or tactical decisions at trial are the exclusive province of the lawyer, and decisions concerning whether to place the defendant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel.

(Punctuation and footnote omitted.) *Nelson* at 588-589 (2). At the hearing on Bentley's motion for new trial, trial counsel testified that the defense strategy was to elicit testimony showing that the victim's mother made false accusations of child molestation in furtherance of her threats to send him back to prison. To the extent trial counsel needed to refer to Bentley's recent release from prison to expose the motive of the victim's mother, her trial strategy did not amount to ineffective assistance of counsel. See id. (trial counsel was not ineffective for introducing videotape that included damaging statements to the defendant where trial counsel's strategy in using the evidence was to show the victim's wild imagination and proclivity to exaggerate). Since Bentley failed to show that his counsel was deficient, his ineffective assistance claim fails. See id. at 586 (2).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 5, 2012.

*Timothy B. Lumpkin*, for appellant.
*Donald R. Donovan, District Attorney, Thomas D. Lyles, Assistant District Attorney*, for appellee.