## S12A1348. LANHAM v. THE STATE.
### (732 SE2d 72)

HUNSTEIN, Chief Justice.

A jury convicted Stacey O. Lanham of the stabbing death of Gerald Mutcherson in connection with a drug deal.[1] At trial, Lanham admitted killing Mutcherson, but claimed it was in self defense. On appeal, Lanham contends that the State failed to establish venue and the trial court failed to instruct the jury on the burden of proof for venue. Finding no error, we affirm.

1. Testifying in his own defense at trial, Lanham said he picked up Mutcherson at "the 400 block," where he lived around 9:00 p.m. on October 5, 2005, and they began driving around. While Mutcherson talked on his cell phone, Lanham asked for $40 of crack cocaine. Mutcherson handed some cocaine to Lanham, who smoked a little of it as he drove. After Mutcherson got off the telephone, he asked for his money. Lanham said he did not have any money and instead had stereo speakers to trade. Mutcherson said he wanted his money and that he was going to kill Lanham if he did not get it. Mutcherson began to reach in his pocket, and Lanham testified that he thought Mutcherson was reaching for a gun. Lanham tried to stop Mutcherson, who flung away Lanham's hand. As Mutcherson continued to reach in his pocket, Lanham grabbed a knife and stabbed Mutcherson. When Mutcherson stiffened up, Lanham panicked; he turned onto a dirt road and dragged Mutcherson's body from the truck and into the woods. Returning home, Lanham asked his girlfriend to help clean the blood from the truck. She testified that he was freaking out, saying "I killed him." The following day Lanham washed the truck at a car wash, threw away Mutcherson's cell phone in a dumpster at the car wash, and threw a bag of bloodied clothing, towels, and rags out of the truck while traveling to his mother's house. After Mutcherson's body was discovered that morning, police began calling people whose names and phone numbers were listed on a piece of paper found in Mutcherson's pocket. Lanham was the only person contacted who did not cooperate; later that evening he surrendered himself to police. The medical examiner testified that Mutcherson died from a stab wound to his chest. After reviewing the evidence in the light most

---

[1] The death occurred on October 5, 2005, and Lanham was indicted in Bryan County on November 8, 2005, for malice murder, felony murder, and aggravated assault. On August 2, 2006, a jury found Lanham guilty of felony murder and aggravated assault, and the trial court sentenced him to life imprisonment. The aggravated assault conviction merged into the felony murder conviction. Lanham filed a motion for new trial on August 18, 2006, which was denied on June 7, 2010. Lanham filed a notice of appeal in the Court of Appeals on July 1, 2010, which transferred the case to this Court on April 10, 2012. The case was docketed for the Court's April 2012 term and submitted for decision on the briefs.

favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lanham guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lanham contends that the State failed to establish venue by proof beyond a reasonable doubt. We have held that venue is a jurisdictional fact and an essential element that the State must prove beyond a reasonable doubt for every crime. *Jones v. State*, 272 Ga. 900 (2) (537 SE2d 80) (2000). The State may use both direct and circumstantial evidence to prove venue. Id. In general, defendants should be tried in the county where the crime occurred. OCGA § 17-2-2 (a). OCGA § 17-2-2 (c) provides that a criminal homicide is committed in the county in which the cause of death was inflicted, and if it "cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered."

In this case, there was sufficient evidence that the cause of death was inflicted in Bryan County. Based on aerial photographs obtained from the tax assessor's office in Bryan County, the chief investigator for the Bryan County Sheriff's Department identified the location of the residences of Lanham, his parents, and Mutcherson and the place where Mutcherson's body was found. In his testimony, Lanham said that he picked up Mutcherson near his residence and drove on Black Creek, Indian Trail, and Porterfield Roads, which were identified for the jury on the enlarged photographs. GBI investigators testified that the Bryan County Sheriff's Department requested their involvement in the investigation, asking one "to respond to the area off of Porterfield Road in Bryan County" where a body had been found, and a second "to respond to Porterfield Road in Pembroke, Bryan County, Georgia." Viewing the evidence as a whole, we conclude that the State met its burden of proving beyond a reasonable doubt that venue was properly in Bryan County. See *Armstrong v. State*, 286 Ga. 420 (2) (688 SE2d 629) (2010) (venue proven when investigating detective pointed out street on a map and in an aerial photograph and identified crime scene as located in DeKalb County); *Robinson v. State*, 275 Ga. 143 (2) (561 SE2d 823) (2002) (officer's testimony that he discovered the victim's body on a street located in Fulton County sufficient to prove venue beyond a reasonable doubt).

3. Lanham also contends that the conviction should be reversed because the trial court failed to instruct the jury that it was required to find beyond a reasonable doubt that venue was proper before rendering a guilty verdict. This Court has urged trial courts to give a separate charge on venue to encourage prosecutors to make certain

they prove venue and to alert juries to their specific role in determining venue, see *Lynn v. State*, 275 Ga. 288 (3) (565 SE2d 800) (2002), and also recommended language to use in instructing the jury on venue. See *Napier v. State*, 276 Ga. 769 (2) (583 SE2d 825) (2003). Although we have encouraged the giving of the instruction set out in *Napier*, we have declined to reverse a conviction and require a new trial based on the trial court's failure to sua sponte instruct the jury on venue. *Shahid v. State*, 276 Ga. 543 (2) (579 SE2d 724) (2003). "[W]here venue is proven and the trial court charges the jury generally on the law of reasonable doubt, 'it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment.' " Id. at 543-544 (citation omitted). In this case, the trial court instructed the jury on the law of reasonable doubt and that the State must prove every material allegation of the crimes alleged in the indictment beyond a reasonable doubt. The trial court further instructed the jury on each count in the indictment and that the indictment alleged the defendant committed the offense in Bryan County. In its charge on the form of the verdict, the trial court again instructed the jury that if it found the defendant did commit the offense in Bryan County as alleged, then it was authorized to find the defendant guilty. Given these instructions, we find no error in the trial court's failure to specifically charge that proof of venue is a material allegation of the indictment. See *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Craig T. Pearson*, for appellant.

*Tom Durden, District Attorney, Gregory M. McConnell, Ronald J. Poirier, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General, Dawn D. Warren*, for appellee.