A06A0235. NGUYEN v. THE STATE.
(630 SE2d 636)

ELLINGTON, Judge.

A Chatham County jury found Hung Van Nguyen guilty of rape, OCGA § 16-6-1.[1] On appeal from the denial of his motion for new trial, Nguyen claims that (i) the evidence was insufficient to convict him of rape, (ii) the State failed to prove venue beyond a reasonable doubt, (iii) the trial court erred in failing to give a jury instruction on venue, (iv) the trial court erred by allowing his trial testimony to be replayed

---

[1] The jury also found Nguyen guilty of aggravated assault. Following the hearing on motion for new trial, however, the trial court merged Nguyen's aggravated assault conviction into his rape conviction.

to the jury, and (v) he received ineffective assistance of counsel. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows the following. Nguyen operated a shrimp boat, the Star One, and fished off the coast of Savannah. On September 3, 1998, Nguyen hired the victim, an 18-year-old female, to help cook, clean, and process shrimp on his boat. Nguyen told her that she would be sleeping downstairs in a bunk bed and sharing a room with his nephew, Andy, while the boat was at sea, a period Nguyen anticipated to be between a week and ten days.

The victim arrived for work the next day at 5:45 a.m. The boat set out to sea and the crew netted shrimp until about 6:00 or 6:30 p.m. The victim ate dinner with Andy and then went to bed around 10:00 p.m. Andy went with the victim to their bedroom, but Andy told her that he was uncomfortable sleeping in the same room with a female, and he left to go sleep in the kitchen. Later that evening the victim was awakened by Nguyen, who had a hand on her breast and was kissing her on the mouth.

Immediately after the victim woke up, Andy burst into the room and asked Nguyen what he was doing. Nguyen pushed Andy out of the door, and the victim heard the two men arguing in Vietnamese and "bodies falling and things . . . breaking." Eventually, the argument stopped and Nguyen came back into the room and told the victim, repeatedly, that he did not want to hurt her, he just wanted to make love to her. The victim, realizing that she was on a boat with no place to go and that no one expected her back for at least a week, felt "panic . . . rising." She pushed past Nguyen and left her room but found that the door leading farther outside was locked. She returned to her room to get her coat, and Nguyen followed her and cornered her by the bed, but then he left.

The victim got in her bunk, put on her coat, and hid under the blankets, but Nguyen returned with a knife, and told her "I'm gonna have sex with you." Nguyen told her not to struggle or scream, or he would kill her. She struggled anyway, and Nguyen cut her hand with the knife, causing the hand to bleed and the victim to scream. He then put the knife to the victim's throat and told her that if she screamed again he would kill her, and she believed him.

Nguyen ordered the victim to take off her shorts, and she complied. Nguyen then forced the victim to engage in several acts of sexual intercourse, including vaginal intercourse and anal intercourse. Nguyen held the knife in his hand, telling her during the act that she was his girlfriend from now on, that no one would know she

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

was gone, and that she would never leave the boat again. Nguyen then began to perform oral sex on the victim, but he was interrupted by an alarm announcing the approach of the Coast Guard.[3]

After Nguyen realized that the Coast Guard was arriving, he told the victim to put her clothes on and left the room. After Nguyen left, a crew member came in the room and asked her to help him put Andy, who was barely conscious, on a bed. The victim then went onto the deck where she found members of the Coast Guard, and she told them that she had been raped. The victim was transported to shore and then to a hospital. A doctor examined the victim and took swabs from her vaginal area. At trial, a forensic scientist testified that within a reasonable scientific certainty DNA found on these swabs originated from Nguyen or Nguyen's identical twin.

At trial, Nguyen testified that he had consensual sex with the victim in exchange for money several times before he hired the victim to work on his boat. Nguyen further testified that he had consensual sex with the victim at approximately 5:30 a.m. and 9:30 p.m. on the day of the alleged incident, but that he did not rape the victim.

1. The evidence was sufficient for any reasonable trier of fact to find Nguyen guilty of the crime of rape. See *Flowers v. State*, 269 Ga. App. 443, 445-446 (2) (604 SE2d 285) (2004). Nguyen contends that the evidence failed to exclude the reasonable hypothesis of consensual sex. However, "[i]t is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses." (Citation omitted.) *Gardner v. State*, 273 Ga. 809 (1) (546 SE2d 490) (2001). In light of the evidence, the jury could have found that every reasonable hypothesis was excluded except for Nguyen's guilt. See id.

2. Nguyen claims that his conviction is void because the State failed to establish venue. We disagree.

Venue is a jurisdictional fact, and must be proven by the prosecution beyond a reasonable doubt. See *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000). At trial, a Coast Guard officer testified that, on September 5, 1998, his vessel responded to a report of a stabbing victim on board the Star One, which was reported to be in the Wausau sound. The witness, after examining a map, testified that the Coast Guard vessel found the Star One in Chatham County. Given this testimony and the evidence showing that members of the Coast Guard boarded the Star One shortly after the victim was raped, the jury was entitled to conclude beyond a reasonable doubt that the rape occurred in Chatham County. See *Green v. State*, 254 Ga. App.

---

[3] Andy testified that after his fight with Nguyen, he called home because he was bleeding and feeling weak. Andy's brother then called the Coast Guard to report a stabbing aboard the Star One.

549, 549-550 (562 SE2d 835) (2002) (venue is a question for the jury, and testimony confirming crime's location was sufficient to prove venue beyond a reasonable doubt).

3. Nguyen claims that the trial court erred in failing to give a sua sponte jury instruction as to venue. However, "where venue is proven and the trial court charges the jury generally on the law of reasonable doubt, it is not necessary for the court to charge the jury that proof of venue is a material allegation of the indictment." (Citations and punctuation omitted.) *Shahid v. State*, 276 Ga. 543, 543-544 (2) (579 SE2d 724) (2003). The jury heard evidence that the rape occurred in Chatham County, the indictment specified that the rape occurred in Chatham County, and the trial court charged the jury that the State had the burden to prove every allegation of the indictment beyond a reasonable doubt. Accordingly, we find no error. See id.

4. Nguyen contends that the trial court erred (i) by replaying a tape recording of his trial testimony to the jury, at the jury's request, after the close of evidence and after the jury had begun its deliberations, (ii) by denying his motion for mistrial on the grounds that replaying his testimony improperly emphasized the testimony of one witness over another, and (iii) by replaying the entirety of his testimony rather than the portion requested by the jury. We disagree. "A trial judge may, in his discretion, comply with a request of the jury to hear during their deliberation a portion of the trial testimony. However, this procedure should be conducted in the presence of the defendant and his counsel." (Citations omitted.) *Watkins v. State*, 237 Ga. 678, 681 (229 SE2d 465) (1976). Accord *Roberts v. State*, 258 Ga. App. 107, 109-110 (4) (572 SE2d 744) (2002). In this case, the jury asked to have Nguyen's testimony reread to them. The trial court brought the jury into the courtroom and informed them that a transcript was not available but that the court was willing to replay a tape of Nguyen's testimony. A juror then indicated that "[t]he issue, your Honor, is the scenario that [Nguyen] painted when [the victim] came down to the dock." The trial court responded that the court would only consider replaying all of Nguyen's testimony, so that the jury would "get the whole story," if that was what the jury wanted. The juror agreed on behalf of the jury, and the testimony was then replayed for the jury in the courtroom, with parties and counsel present. Under the circumstances, the trial court did not abuse its discretion. See *Roberts v. State*, 258 Ga. App. at 110 (4) (continuing witness issue not presented when jury reviewed evidence under similar circumstances).

5. Finally, Nguyen claims that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance, Nguyen was required to "show that counsel's performance was deficient and that this deficient performance prejudiced his defense. The trial

court's factual determinations with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous." (Citations omitted.) *Bennett v. State*, 266 Ga. App. 502, 504 (3) (597 SE2d 565) (2004).

(a) Nguyen claims his trial counsel failed to conduct an adequate investigation, failed to understand the facts and law pertaining to the case, failed to meet with him an adequate number of times, failed to sufficiently review discovery with him, failed to advise him that he faced a maximum penalty of life imprisonment without parole, and failed to call an exculpatory witness, Geraldo Shavez. Based on the record, however, the trial court did not clearly err in finding no merit to these ineffective assistance claims. Before trial, Nguyen testified that he had discussed the charges against him with his trial counsel, and that he had met with his attorney four or five times. At the hearing on his motion for new trial, Nguyen's trial counsel testified that he met with Nguyen "many, many times," and that he hired a private investigator to investigate the victim and possible witnesses. Trial counsel further testified that he discussed the witnesses with Nguyen, and that the investigator interviewed "every single witness that was on that boat," including Shavez, who could not corroborate Nguyen's claim that he had consensual sex with the victim. Trial counsel further testified that he "went over the charges, the indictment, the whole ball of wax with [Nguyen]." Nguyen points to nothing in the record indicating that his trial counsel was not prepared for trial or did not understand the facts or law pertaining to the case. See *Lovelace v. State*, 262 Ga. App. 690, 695 (6) (b) (586 SE2d 386) (2003) (appellant did not show that his trial counsel was not prepared for trial).

(b) Nguyen further contends that his trial counsel was ineffective for failing to file a motion in limine to prevent the State and its witnesses from using the term "rape" during the trial. The record shows that rather than simply asserting that she was "raped," the victim testified in detail how Nguyen forced her to have sexual intercourse against her will. The jury was properly instructed on the elements of rape as well as the State's burden of proving its case beyond a reasonable doubt. While use of the word "rape" may be objectionable in some circumstances,[4] and defense counsel may file a motion in limine to prohibit the use of the term "rape,"[5] we cannot conclude that trial counsel's failure to file such a motion here constituted ineffective assistance of counsel. See *Glass v. State*, 255 Ga. App. 390, 403 (10) (e) (565 SE2d 500) (2002).

---

[4] See *Arnold v. State*, 166 Ga. App. 313, 317 (7) (304 SE2d 118) (1983) (reference to an incident as "rape" states a conclusion usually to be determined by the jury).

[5] See *Glass v. State*, 255 Ga. App. 390, 403 (10) (e) (565 SE2d 500) (2002).

(c) Nguyen claims his trial counsel rendered ineffective assistance by failing to request jury instructions on venue, the affirmative defense of justification, and consent. Because these ineffective assistance claims were not raised below, however, they are waived for purposes of appeal.[6] "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived." (Citations omitted.) *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 27, 2006.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Nancy M. Smith, Assistant District Attorney*, for appellee.

---

[6] In his motion for new trial, Nguyen argued that the trial court erred by failing to give these jury charges sua sponte, but he did not claim that his trial counsel was ineffective for failing to request the charges. Accordingly, the trial court was not asked to consider, and did not consider, this issue in determining whether Nguyen received ineffective assistance of counsel.