S09A1697. ARMSTRONG v. THE STATE.
(688 SE2d 629)

BENHAM, Justice.

Raymond Armstrong appeals his malice murder conviction for the shooting death of Damien Carr.[1] On February 23, 2007, the teenage victim was playing basketball with three other teenagers in their neighborhood cul-de-sac on Allgood Terrace in DeKalb County.

---

[1] Appellant was indicted on June 7, 2007, for malice murder, felony murder, and two counts of aggravated assault. The case was tried beginning on January 15, 2008, and, on January 18, the jury returned a verdict of guilty on all counts except for one count of aggravated assault. Appellant was convicted of malice murder, with the remaining counts merging and/or being vacated as a matter of law, and sentenced to life in prison. Appellant filed a motion for new trial on February 15, 2008, and it was amended on August 11, 2008, and on February 2, 2009. The trial court held a hearing on the motion for new trial which was denied on May 20, 2009. On June 19, 2009, appellant timely filed a notice of appeal and the case was docketed in this Court on June 26, 2009, for consideration on the briefs.

Appellant, who was from a different neighborhood, came by with two other boys, had words with the victim, twice brandished a gun he had in his pocket, and then left the area. The victim and a group of about six other neighborhood teenagers continued to socialize as it turned dark. Appellant returned to the cul-de-sac with a large group of boys. The victim and a boy who came with appellant threw punches at each other. Witnesses then stated they heard someone in the crowd of appellant's friends yell, "Don't fight him, just shoot." Appellant fired his gun at the unarmed victim. Upon realizing he had been shot, the victim ran into the house at 4392 Allgood Terrace, ran back outside and then collapsed in the yard of another house in the Allgood Terrace cul-de-sac. The medical examiner testified that the victim died of a gunshot wound to his chest.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's only enumerated error is that the State failed to prove venue. More specifically, he contends that, although the police were called to an address at 4391 Allgood Terrace, the evidence only showed the shooting occurred "somewhere" at the "basketball courts."

> The Georgia Constitution states that "all criminal cases shall be tried in the county where the crime was committed." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation of an indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Citation and punctuation omitted.) *Coleman v. State*, 286 Ga. 291, 293 (2) (687 SE2d 427) (2009). Venue may be proven by both direct and circumstantial evidence. *Bell v. State*, 284 Ga. 790, 793 (671 SE2d 815) (2009). Proof of venue is sufficient where the State has submitted a map of the crime scene area into evidence and presented testimony that the crime occurred on a street located in the county in which the defendant is being prosecuted. *Radford v. State*, 251 Ga. 50 (3) (302 SE2d 555) (1983); *Nguyen v. State*, 279 Ga. App. 129 (2) (630 SE2d 636) (2006). Here, eyewitnesses to the incident consistently stated the shooting took place in the Allgood Terrace "circle"

or cul-de-sac. During the State's case in chief, the investigating detective pointed out the Allgood Terrace cul-de-sac on a map and in an aerial photograph, both of which were published to the jury, and the detective specifically identified the crime scene location as being in DeKalb County. The State also presented the testimony of an eyewitness who stated that the basketball goals in question were located in front of his house at 4392 Allgood Terrace, an address which the detective confirmed was located in DeKalb County. This evidence was sufficient for the jury to find beyond a reasonable doubt that venue was in DeKalb County. *Radford v. State*, supra. Accordingly, appellant's conviction must be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Rodney A. Williams, Brad Gardner*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Amy E. Hawkins, Assistant Attorney General*, for appellee.