## A01A1080. GOODWIN v. THE STATE.
(554 SE2d 317)

ANDREWS, Presiding Judge.

Warren Goodwin was found guilty in a bench trial before the City Court of Atlanta of misdemeanor obstruction of a police officer in violation of OCGA § 16-10-24. He claims on appeal that the evidence was insufficient to support his conviction, and that the trial judge erred by refusing to rule on his motion for the court to reconstruct a transcript of the trial from recollection pursuant to OCGA § 5-6-41 (g).

1. The bench trial was not reported, so Goodwin prepared a proposed reconstructed transcript of the trial from his recollection pursuant to OCGA § 5-6-41 (g) and asked the solicitor-general to agree to

---

[3] *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997).

it. When the solicitor refused, Goodwin filed a motion on September 22, 2000, in the trial court with a proposed transcript attached asking that the trial judge enter an order pursuant to OCGA § 5-6-41 (g) certifying a transcript from the judge's recollection of the trial or certifying that his proposed transcript was correct. The record further shows that, after filing the September 22 motion, Goodwin filed a notice of appeal on December 1, 2000, directing the trial clerk to transmit the reconstructed transcript while stating that a reconstructed transcript "will be filed for inclusion in the record on appeal." On the day he filed the notice of appeal, Goodwin sent a second proposed reconstructed transcript to the solicitor. On December 7, 2000, the clerk sent Goodwin a notice stating that no reconstructed transcript had been received for inclusion in the record on appeal, and on December 13, 2000, the solicitor informed Goodwin that he would not agree to the second proposed transcript. Thereafter, the record was transmitted to this Court without any reconstructed transcript prepared pursuant to OCGA § 5-6-41 (g).

Goodwin claims the trial court erred by refusing to rule on his motion for a reconstructed transcript pursuant to OCGA § 5-6-41 (g). In support of this claim, he points only to the absence of a ruling in the record. OCGA § 5-6-41 (g) provides that:

> Where a trial is not reported . . . and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter. . . . In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact.

Under this subsection, where the parties cannot agree on a transcript from recollection and the trial judge is requested to decide the issue, the judge is required to either approve a transcript reconstructed by one of the parties, prepare a transcript from the judge's own recollection, or enter an order stating that he or she is unable to recall what transpired. *Boles v. Lee*, 270 Ga. 454, 455, n. 4 (511 SE2d 177) (1999). A transcript may be approved in the trial court and made a part of the record on appeal even after the record has been transmitted to the appellate court. OCGA § 5-6-41 (f). We will not, however, presume that the trial judge refused to decide the issue solely on the basis that the record contains no ruling.

To the contrary, it will be presumed that trial courts perform their required duties unless shown otherwise. *Gunter v. State*, 243 Ga. 651, 654 (256 SE2d 341) (1979). Simply pointing to the absence of a ruling in the record does not carry the burden of showing that the trial judge refused to rule on a reconstructed transcript. There is nothing in the record showing that the trial judge refused to rule or that the alleged refusal was ever raised as an issue in the trial court. Accordingly, we find no merit to this enumeration.

2. There being no transcript of the trial, we are bound to assume that Goodwin's conviction was supported by sufficient evidence. *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED AUGUST 23, 2001 —
RECONSIDERATION DENIED SEPTEMBER 14, 2001 — ■

*Steven W. Reighard*, for appellant.
*Joseph J. Drolet, Solicitor-General, Kenya M. Kuykendoll, Assistant Solicitor-General*, for appellee.