## A07A0913. WILLIAMS v. THE STATE.
(652 SE2d 803)

MIKELL, Judge.

After a jury trial, Andrea Diane Williams was convicted of theft of services (misdemeanor) and two counts of obstruction of a police officer (misdemeanor) and sentenced to twelve months to be served on probation. On appeal, Williams challenges the sufficiency of the evidence as to each of her convictions, argues that her trial counsel was ineffective, and charges that the trial court erred when it denied

---

her request to recreate the record or, in the alternative, for a new trial. Williams also argues that her convictions must be reversed due to inadequate jury instructions. We affirm.

1. In her second and third enumerations of error, Williams challenges the sufficiency of the evidence as to each of her convictions. The trial of this case was not reported; thus, there is no transcript of the evidence presented. In the absence of a transcript, "we are bound to assume that [Williams]'s conviction[s] [were] supported by sufficient evidence."[1]

2. In her fourth enumerated error, Williams argues that the trial court erred when it denied her request for the recreation of the record, or in the alternative, a new trial. We find no error.

Pursuant to OCGA § 5-6-41 (g), where a trial is not reported, a transcript of evidence and proceedings can be prepared from recollection, and if the parties and counsel agree, that narrative can be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter. But, where the parties cannot recollect the proceedings, "the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact."[2]

At the hearing on the motion for new trial, Williams's new counsel requested that the court have the attorneys who conducted the trial file a joint narrative of the trial proceedings. When the court asked the attorneys if they could compile a joint narrative of the proceedings, both attorneys indicated that they could not. The court ruled that a narrative would not be created because the parties who would be charged with creating it indicated that they were unable to do so. Williams's counsel then offered to present a narrative to the solicitor for approval, at which point the state objected, stating that it would not be able to recreate the transcript. Williams's counsel also indicated that he could create the narrative based on Williams's recollection of the evidence and a narrative prepared by her trial counsel, but her trial counsel had indicated previously that he could not compile a narrative.

Although we "may consider on appeal a transcript that has been (1) prepared by one of the parties, even if the other party does not agree to what transpired, so long as the trial court approves of the

---

[1] (Citation omitted.) *Goodwin v. State*, 251 Ga. App. 549, 551 (2) (554 SE2d 317) (2001). See *Diamond v. State*, 151 Ga. App. 690, 691 (2) (261 SE2d 434) (1979). According to trial counsel's testimony at the hearing on the motion for new trial, the charges against Williams were brought after she refused to pay for services rendered to her at a JC Penneys beauty salon because she was dissatisfied with the services she received.

[2] OCGA § 5-6-41 (g).

reconstructed transcript; or (2) prepared by the trial court itself, based upon its own recollection[,]"[3] no reconstructed transcript has been supplied in this case. The statute is clear that where the parties cannot agree on the narrative, the trial judge's decision as to its recreation is final and not subject to review.[4] Here, the parties could not agree. Therefore, the trial judge's decision that no narrative would be created is not subject to review by this court.[5] Accordingly, this alleged error fails.

3. Williams contends that her convictions must be reversed because her trial counsel was ineffective. Specifically, she claims that he failed to investigate and prepare for trial adequately and did not adequately inform her of the necessity of a transcript to preserve errors for appeal. We find no error.

> To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies.[6]

In meeting this burden, "the defendant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct."[7] Courts considering ineffectiveness claims are "not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one."[8] "We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[9] Bearing these principles in mind, we find no merit to Williams's claim.

---

[3] *Boles v. Lee*, 270 Ga. 454, 455 (2), n. 4 (511 SE2d 177) (1999). See generally *Goodwin v. State*, supra at 550 (1) (fact that appellate record contains no ruling on motion to recreate record does not give rise to presumption that trial court refused to rule on motion).

[4] OCGA § 5-6-41 (g).

[5] We note, too, that whereas in felony cases, the evidence must be recorded, in all misdemeanor cases, the trial judge has discretion to decide whether to require the reporting and transcribing of evidence. See OCGA § 5-6-41 (a), (b).

[6] (Citation omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] (Citation and punctuation omitted.) *Mendoza v. State*, 274 Ga. App. 662, 664 (3) (618 SE2d 712) (2005).

[8] (Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

[9] (Citation and punctuation omitted.) *Carey v. State*, 281 Ga. App. 816, 818 (2) (637 SE2d 757) (2006).

(a) As a part of her claim that trial counsel failed to investigate her case adequately, Williams asserts that trial counsel was not prepared, did not inform her of the charges against her, did not interview witnesses, and failed to move for a directed verdict. All of these claims were refuted by trial counsel's testimony at the hearing on the motion for new trial, which the trial judge was authorized to believe.[10]

Trial counsel testified that during his initial meeting with Williams, he explained the nature of the charges against her, asked about witnesses who would testify on Williams's behalf, and discussed trial strategy, including the potential defenses. There were no witnesses to testify on Williams's behalf because she visited the store alone. Regarding a defense to the theft of services charge, counsel intended to argue that Williams should not have to pay for services which placed her in a worse position. Counsel also planned to assert that there was no obstruction committed because Williams had not struggled with the officers. Additionally, since the store was using the police department as a collection agency, the officers could not have been in the lawful discharge of their duties when they arrested Williams.

After his meeting with Williams, trial counsel filed a motion for discovery and received documents from the state. He testified that he interviewed the responding police officer and the store manager prior to trial and several of the remaining witnesses identified by the state on the day before the trial. Although trial counsel could not recall if he and Williams met again in person at his office before trial, he testified that they had spoken over the telephone several times. During one of those conversations prior to trial, he told Williams that the store manager was going to testify that she refused to pay for the service, which Williams disputed. As a part of the defense strategy to rebut the testimony of store employees that Williams never intended to pay for services, trial counsel planned to introduce the store credit card and another credit card that Williams had in her possession when she was arrested.

Trial counsel testified that he and Williams watched the videotape of the incident on the day before trial began. As a result thereof, he informed Williams that as to the theft charge, the trial would be a swearing match between her and the store employees. He also advised her that she should not proceed to trial on the obstruction charges because she was going to get convicted.[11] Williams argues

[10] *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).

[11] On cross-examination, trial counsel testified that Williams refused the state's offer to do 12 or 20 hours of community service and repay the store $30 in exchange for a dismissal of her

that trial counsel should have objected to the videotape shown at trial because it had been redacted. However, when asked if she had evidence that the videotape was altered, she indicated that there was no such evidence. Trial counsel testified that he thought that the videotape might help Williams because it showed that there was an ongoing, lengthy conversation about payment and that Williams was calm until the officers attempted to handcuff her.

Despite Williams's contention that trial counsel failed to move for a directed verdict, trial counsel testified that he did so move as to each charge, but that his motions were denied. As stated earlier, the trial court was authorized to believe counsel's testimony.[12]

Williams also contends that trial counsel did not submit adequate jury instructions. When asked why he failed to move for a charge on justification, right to resist an unlawful arrest, and intent to defraud, counsel explained that his strategy was that his client had committed no crime and a justification charge would have contradicted his strategy; that a charge on the right to resist an unlawful arrest contradicted his defense that she had not resisted; and that he did not request a charge on intent to defraud because his strategy was to stay away from technicalities and appeal to the jury's common sense and reason. While Williams may not agree with trial counsel's trial strategy in hindsight, "[a]s a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[13] "[A] claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight."[14]

(b) Williams argues that trial counsel was ineffective because he did not inform her of the necessity of having a record to preserve error for appeal. Trial counsel testified that he explained to Williams that if the trial judge or prosecutor made an error, she may want to appeal which would require a trial transcript, but Williams did not want to pay for a transcript. Williams testified that trial counsel told her that he did not want her to pay for a court reporter because he did not want her to mention certain facts about the incident. The trial court concluded that Williams's explanation of the reason she did not pay for the services of a court reporter was "entirely not believable." As stated earlier, we accept the trial court's credibility determinations

---

case, because of the civil lawsuit she intended to file.

[12] *Burdette*, supra.

[13] (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

[14] (Citation and punctuation omitted.) *Stokes v. State*, 281 Ga. 825, 835 (8) (h) (642 SE2d 82) (2007).

unless they are clearly erroneous.[15] There is no basis for us to conclude here that the trial judge's determination that Williams was not credible was clearly erroneous. Because Williams has not shown that trial counsel's performance was deficient or that it prejudiced her defense, her ineffective assistance claims fail.

4. In her last enumerated error, Williams charges that the jury did not receive adequate instructions on venue, the elements of the offenses with which she was charged, justification, right to resist an unlawful arrest, self-defense, and circumstantial evidence. We do not have the benefit of the trial transcript on appeal, but the trial judge did file the jury instructions that he read to the jury. The trial judge did not charge the jury on venue, but the accusation alleged that the crimes were committed in Cobb County, the county in which the case was tried. Furthermore, the trial court gave a complete charge on reasonable doubt and also instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt.

> Although a separate charge on venue would have been preferable, . . . we continue to apply binding precedent[,] (*Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973); *Forehand v. State*, 235 Ga. 295 (3) (219 SE2d 378) (1975); *Wright v. State*, 191 Ga. App. 392 (1) (381 SE2d 601) (1989)) and decline to reverse [Williams's] conviction[s] on that basis.[16]

The record belies Williams's contentions that the jury was not charged as to the elements of the offenses with which she was charged. The record also shows that the jury was properly charged as to circumstantial evidence. Williams contends that the jury should have been charged that to warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused. Such a charge, however, is required only when the conviction is based solely on circumstantial evidence,[17] and Williams has not asserted that her convictions were based on circumstantial evidence. During the motion for new trial hearing, the court acknowledged that several witnesses testified on behalf of the store and that the video-tape of the incident was played for the jury, all of which presumably supplied direct evidence of Williams's guilt.

---

[15] *Carey*, supra; *Wheat v. State*, 282 Ga. App. 655, 656 (639 SE2d 578) (2006).

[16] (Citation omitted.) *Woodard v. State*, 278 Ga. 827, 830-831 (5) (607 SE2d 592) (2005) (cases cited stand for proposition that when venue is proven and court charges the jury on reasonable doubt, failure to charge venue is not error).

[17] *Ebenezer v. State*, 191 Ga. App. 901, 903 (6) (383 SE2d 373) (1989).

Williams argues that the trial court failed to give and defense counsel failed to request jury instructions on justification, right to resist an unlawful arrest, and self-defense. However, Williams cites no authority for her position that the trial court was required to give these charges sua sponte. Furthermore, as discussed in Division 3 (a), trial counsel's explanation as to why he did not request charges on these defenses, i.e., that his defense was that Williams had not committed a crime, constituted a reasonable trial strategy and therefore does not support the reversal of Williams's convictions.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 11, 2007 —
RECONSIDERATION DENIED OCTOBER 19, 2007.

*Geerdes & Kim, Holly L. Geerdes*, for appellant.
*Barry E. Morgan, Solicitor-General, Aurieanne T. Sneed, Assistant Solicitor-General*, for appellee.