## A08A0987. BROWN v. THE STATE.

(669 SE2d 542)

BERNES, Judge.

A Rockdale County jury convicted Angela Brown of second degree homicide by vehicle.[1] Brown appeals, contending that the evidence was insufficient to sustain her conviction. For the reasons that follow, we affirm.

The trial of this case was not officially reported.[2] As such, the record fails to contain a complete transcript of the evidence presented at trial. "In the absence of a transcript, we are bound to assume that [Brown's] conviction[ ] [was] supported by sufficient evidence." (Punctuation and footnote omitted.) *Williams v. State*, 287 Ga. App. 851, 852 (1) (652 SE2d 803) (2007). Thus, Brown's conviction must be affirmed.

Notwithstanding the fact that the record fails to contain a complete transcript of the trial, we have reviewed the partial transcript that has been provided and note that the state's evidence established Brown's guilt of the vehicular homicide offense.[3] The record evidence showed that on February 8, 2006 at approximately 6:00 a.m., Brown was traveling westbound on Interstate 20. As Brown crossed her vehicle from the right lane of traffic into the middle lane, she struck the side of another vehicle that had been traveling in the middle lane. Upon impact, Brown's vehicle crossed

---

[1] The jury also found Brown guilty of failure to maintain lane, OCGA § 40-6-48 (1), which the trial court merged into the vehicular homicide conviction.

[2] The proceedings in misdemeanor cases are not required to be reported and transcribed. See OCGA § 5-6-41 (b); *Williams v. State*, 287 Ga. App. 851, 851-852 (1) (652 SE2d 803) (2007). Brown failed to arrange for a court reporter to take down and transcribe the trial proceedings. Instead, she relied upon the recording of the trial by audiotape. The recording system failed to record portions of the trial.

[3] Second degree vehicular homicide is defined in OCGA § 40-6-393 (c), which pertinently provides that "[a]ny person who causes the death of another person, without an intention to do so, by violating any provision of this title . . . commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death." Brown was charged with this offense for unintentionally causing the victim's death by her failure to maintain lane in violation of OCGA § 40-6-48 (1).

back into the right lane. Brown then crossed her vehicle into the middle lane again and drove into the rear of the victim's vehicle. As a result of that collision, the victim's vehicle spun out of control, hit the median wall, and flipped over several times. The victim was ejected from his vehicle and died as a result of blunt force trauma to his head and upper body sustained during the accident.[4]

This evidence authorized Brown's conviction. See OCGA § 40-6-393 (c); *Jackson v. State*, 198 Ga. App. 261, 261-262 (1) (401 SE2d 289) (1990). Even if there were conflicts in the evidence, such matters were for jury resolution and afford no basis for reversal. See *Myers v. State*, 184 Ga. App. 618, 619-620 (1) (362 SE2d 92) (1987).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 2008.

*Jackie G. Patterson*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[4] The partial transcript includes the testimony of an eyewitness who described how the accident occurred. The record and partial transcript also contain photos of the damaged vehicles and of the accident scene, which were described during trial. An officer who examined the roadside evidence and performed the accident reconstruction gave an opinion as to how the accident occurred. There was testimony regarding admissions that Brown made against her interest at the scene and during the investigation. And finally, the partial transcript contains the testimony of the medical examiner who performed the victim's autopsy and concluded that the victim died from blunt force trauma to the head and upper body, which were injuries sustained during the accident.