**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 16, 2016**

# In the Court of Appeals of Georgia

A16A1071. BABINSACK v. ALFONSO-GARCIA.

McFADDEN, Judge.

Aline Babinsack appeals from a stalking protective order entered against her. Initially, we hold that Babinsack was entitled to file a direct appeal from the order, even though the case remains pending below. As for the merits of the appeal, Babinsack argues that the trial court erred by entering the order because any stalking had ended a year before, but stalking protective orders may be entered to prevent future conduct. Babinsack also argues that the evidence does not support the order, but without a transcript of all the evidence presented to the court, we are bound to assume the evidence was sufficient. We therefore affirm the order.

1. *Factual background.*

"In reviewing the sufficiency of the evidence supporting a stalking protective order, we do not weigh the evidence or assess witness credibility, and we construe the evidence in favor of the findings of the trier of fact." *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009) (citation and punctuation omitted). Viewed in this light, the evidence shows that Alejandro Alfonso-Garcia's wife is Babinsack's daughter. When Alfonso-Garcia's wife moved to the United States to be with him, Babinsack began making threatening telephone calls to the couple. At some point, Alfonso-Garcia and his wife decided to have no contact with Babinsack and to disallow her from having contact with their children.

Babinsack moved from Florida to Georgia to be near Alfonso-Garcia's family and filed a petition for grandparent visitation. She telephoned Alfonso-Garcia and left voice mail messages warning that she was using social media "to get evidence" that she could use to send Alfonso-Garcia and his wife to prison and to have his wife deported. Babinsack wanted to separate them to ensure the success of her grandparent visitation petition.

Six days after the trial court dismissed Babinsack's petition for grandparent visitation, Alfonso-Garcia filed this petition against Babinsack and her husband for a stalking protective order. At the hearing on the petition, Alfonso-Garcia played

2

several voice mail messages from Babinsack; he had saved more than 100. The appellate record does not include the content of the voice mails because the court reporter did not transcribe them and Babinsack has submitted no substitute for this evidence. But Babinsack testified at the hearing, admitted making "all these phone calls," and explained that she had been upset.

At the conclusion of the hearing, the trial court announced that she was granting the protective order as to Babinsack, but denying it as to Babinsack's husband. That same day, the trial court entered the written stalking protective order against Babinsack. The appellate record contains no order denying the petition as to Babinsack's husband. After the trial court denied Babinsack's motion for new trial, she filed this appeal.

2. *Jurisdiction.*

This court "has a duty to raise the question of its jurisdiction in all cases in which there may be any doubt regarding the existence of such jurisdiction." *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006) (citation omitted). Although the trial court orally indicated that she was denying the petition for a stalking protective order against Babinsack's husband, there is no written order doing so. "[W]hat the judge orally declares is no judgment until it has been put in writing and entered as such."

*Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) (citation omitted). Therefore, there is no final order on the claims against Babinsack's husband, and the case remains pending below.

Generally, parties are required to comply with the provisions of OCGA § 5-6-34 (b) in order to obtain review of an order when the case remains pending below. See *Crane v. State*, 281 Ga. 635, 635-636 (641 SE2d 795) (2007). However, OCGA § 5-6-34 (a) (4) permits direct appeals from "[a]ll judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions." And here, the stalking protective order entered against Babinsack is in the nature of an injunction, which is "[a] court order commanding or preventing an action." Black's Law Dictionary (10th ed. 2014). The stalking protective order "enjoined and restrained" Babinsack from contacting, harassing, interfering, intimidating, or approaching Alfonso-Garcia or his immediate family. Consequently, although the action remains pending below, Babinsack could directly appeal from the stalking protective order under the authority of OCGA § 5-6-34 (a) (4). *State v. Singh*, 291 Ga. 525, 526-527 (1) (731 SE2d 649) (2012) (order that functioned as the dismissal of temporary injunctive relief was directly appealable under OCGA § 5-6-34 (a) (4)); *Morgan v. U. S. Bank Natl. Assn.*, 322 Ga. App. 357, 359 (2) (745 SE2d

4

290) (2013) (OCGA § 5-6-34 (a) (4) permitted appellant to file a direct appeal from an order that in "function and substance was to deny [appellant] interlocutory injunctive relief pending the litigation of the various claims raised in his complaint and amended complaint.") (citation omitted).

3. *Propriety of stalking protective order.*

Babinsack argues that the purpose of a stalking protective order is to end stalking, but that here the undisputed evidence was that Babinsack had not contacted Alfonso-Garcia or his wife for at least a year. Consequently, she argues, the trial court erred in entering the order. We disagree. One purpose of a stalking protective order is to prevent stalking that "may occur in the future." OCGA § 16-5-94 (c).

Babinsack argues the trial court erred in entering the stalking protective order because Alfonso-Garcia did not present evidence that he or his family were in reasonable fear for their safety, see *Sinclair v. Daly*, 295 Ga. App. 613, 615-616 (672 SE2d 672) (2009), or evidence that Babinsack contacted him "at or about a place or places" he occupied. See OCGA § 16-5-90 (a) (1). But absent the content of the voice mail messages, "the record fails to contain a complete transcript of the evidence presented at trial. In the absence of a [complete] transcript, we are bound to assume

5

that [the trial court's order] was supported by sufficient evidence." *Brown v. State*, 294 Ga. App. 535 (669 SE2d 542) (2008) (citation and punctuation omitted).

*Judgment affirmed. Miller, P. J., concurs; McMillian, J., concurs fully in Divisions 1 and 3 and in the judgment only in Division 2*.