**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 15, 2026**

# In the Court of Appeals of Georgia

A26A0162. BIRG v. EMORY UNIVERSITY.

McFADDEN, Presiding Judge.

This appeal challenges an award under OCGA § 9-11-37 (a) (4) (A) for attorney fees allegedly incurred in relation to the filing of a motion for a protective order that had been withdrawn.[1] Because attorney fees may be awarded under that code section only after such a motion has been granted, the trial court erred in awarding fees based on the withdrawn motion. So we reverse.

1. *Facts and procedural posture*

---

[1] Oral argument was held in this case on December 16, 2025, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A26A0162 (Dec. 16, 2025), available at https://vimeo.com/1148067623.

Erika Birg filed a complaint against Barbara Sanders-Norwood, in her official capacity as Clerk of the DeKalb County Board of Commissioners, alleging a violation of the Georgia Open Records Act concerning a request for documents related to bond funding for the "Emory Trail Plan with PATH Trail Master Plan Agreement." Birg served a request for production of documents on non-party Emory University. Emory filed a motion for a protective order under OCGA § 9-11-26 (c), seeking an order "precluding further response" to Birg's request for production of documents. In the motion, Emory also requested an award of attorney fees under OCGA § 9-11-37. The trial court held a hearing on the motion for a protective order, but never entered an order on it.

Birg and Sanders-Norwood eventually settled the open records lawsuit and filed a joint stipulation of dismissal with prejudice. The trial court then requested that Emory withdraw its pending motion for a protective order as moot. Emory subsequently filed a motion to withdraw its motion for a protective order, stating in the motion to withdraw that "given the dismissal of the underlying lawsuit with prejudice, there is no need for [a] protective order vis-a-vis the discovery sought from Non-Party Emory. To that end, Emory withdraws its request for a protective order."

(punctuation omitted). But Emory maintained in the motion to withdraw that it was still entitled to pursue attorney fees under OCGA § 9-11-37. The trial court entered an order granting Emory's motion to withdraw its motion for a protective order as moot.

Thereafter, the trial court held a hearing on Emory's request for attorney fees under OCGA § 9-11-37 (a) (4) (A). At that hearing, counsel for Emory admitted that the court never entered an order on Emory's motion for a protective order and that Emory had withdrawn that motion. Counsel for Birg argued, among other things, that OCGA § 9-11-37 (a) (4) (A) authorized attorney fees only if the motion for protective order had been granted, but that Emory's motion was not granted and instead had been withdrawn.

After the hearing, the trial court entered an order granting Emory's request for attorney fees. In that order, the trial court stated that it had orally granted the motion for a protective order at the hearing on that motion, but that it "did not enter an Order granting Emory's Motion for Protective Order before the closure of the [underlying] case despite every intention to do so." The court went on to conclude that because Emory "was meritorious" on the motion for a protective order and Birg was not

3

substantially justified in opposing it, Emory was entitled to an award of attorney fees under OCGA § 9-11-37 (a) (4) (A) in the amount of $20,417. Birg appeals from that order.

2. *OCGA § 9-11-37 (a) (4) (A)*

Birg asserts that the trial court erred in awarding attorney fees under OCGA § 9-11-37 (a) (4) (A) based on Emory's motion for a protective order because that motion was never granted and instead was withdrawn. We agree.

> In a civil lawsuit in Georgia, the discovery process allows litigants to gather information about a case from other litigants and third parties in an orderly and defined manner. Georgia, like most states, also provides various mechanisms for litigants and third parties to seek relief from the demands of discovery. One such method is by moving for a protective order under OCGA § 9-11-26 (c), which provides that upon a showing of "good cause," a trial court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including limiting or otherwise prohibiting the requested discovery.

*General Motors v. Buchanan*, 313 Ga. 811 (874 SE2d 52) (2022).

OCGA § 9-11-26 (c) further provides that "[p]aragraph (4) of subsection (a) of Code Section 9-11-37 applies to the award of expenses incurred in relation to the motion [for a protective order]." Under OCGA § 9-11-37 (a) (4) (A):

> *If the motion is granted*, the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis supplied). OCGA § 9-11-37 (a) (4) (A) thus provides for the "granting of expenses *in the event the protective order is granted. Under that provision, granting a protective motion is a condition precedent to granting expenses*[.]" *Workman v. RL BB ACQI-GA CVL, LLC*, 303 Ga. 693, 699 (2) (814 SE2d 696) (2018) (footnote omitted; emphasis supplied).

In the instant case, it is undisputed that the trial court never entered an order granting Emory's motion for a protective order. Rather, the only order entered by the trial court pertaining to that motion was the order granting Emory's motion to withdraw it as moot. The withdrawn motion for a protective order was thus extinguished before the entry of any order by the court on it. See *Clemons v. State*, 371 Ga. App. 638, 639 (900 SE2d 315) (2024) (characterizing a withdrawn motion as an "extinguished motion"); *Garcia v. Shaw Indus.*, 321 Ga. App. 48, 55 (2) (741 SE2d 285) (2013) (finding that party who withdrew a motion abandoned any argument regarding the motion); 56 Am. Jur. 2d Motions, Rules and Orders § 31 (2009) ("The

5

effect of withdrawal of a motion is to leave the record as it stood prior to the filing . . . as though the motion had never been made.”).

It is true that in the order awarding attorney fees the trial judge indicated that she had orally pronounced her intent to grant the motion for a protective order at the hearing on that motion.[2] “But an oral pronouncement by a trial court during a hearing is not a judgment until it is reduced to writing and entered as a judgment.” *Davis v. Taylor*, 370 Ga. App. 837, 848 (7) (a) (898 SE2d 574) (2024) (citation and punctuation omitted). Accord *Williams v. Williams*, 295 Ga. 113, 114 (1) (757 SE2d 859) (2014) (an oral pronouncement of a trial court is not binding until reduced to writing and entered as a judgment). Indeed, “until an oral pronouncement is memorialized, the trial judge has broad discretion to amend, alter, or completely change his [or her] decision[.]” *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 772 (4) (b) (815 SE2d 70) (2018). So “[a]lthough the trial court [may have] orally indicated that she was [granting] the [motion] for a [discovery] protective order . . . , there is no written order doing so.” *Babinsack v. Alfonso-Garcia*, 337 Ga. App. 113, 114 (2) (786 SE2d 501) (2016). And since “whatever transpired at that hearing was never reduced to any form of written

---

[2] There is no transcript of the hearing on the motion for a protective order.

6

judgment[, it] thus had no binding effect." *Jones v. Jones*, 298 Ga. 762, 766 (1) (787 SE2d 682) (2016).

Consequently, the condition precedent for an award of attorney fees under OCGA § 9-11-37 (a) (4) (A) — the grant of Emory's motion for a protective order — was not satisfied. Instead, the trial court granted Emory's motion to withdraw that motion as moot before the court ever entered an order on it. The trial court therefore erred in awarding attorney fees under OCGA § 9-11-37 (a) (4) (A) based on a withdrawn motion.[3] Because Emory "was not entitled to an award of attorney fees under OCGA § 9-11-37 (a) (4) (A) . . . , we reverse the trial court's . . . order." *Allison v. Wilson*, 320 Ga. App. 629, 638 (5) (740 SE2d 355) (2013).

3. *Other enumerations of error*

Given our holding above, we "find it unnecessary to consider [Birg's] other challenges to the attorney fee award." *Allison*, supra at 638 (5), n. 15.

*Judgment reversed. Watkins and Padgett, JJ., concur.*

---

[3] We note that Emory claims that the court's order granting Emory's motion to withdraw the motion for a protective order was an interlocutory order that the trial court modified in the order on attorney fees. But the court did no such thing in the attorney fees order. In that order, the trial court never mentioned its prior order granting Emory's motion to withdraw the motion for a protective order and it did not otherwise modify or change that prior order.